J-A14016-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| JEVONTE FRANK PRESSLEY | : | |
| Appellant | : | No. 1882 EDA 2025 |

Appeal from the Judgment of Sentence Entered June 16, 2025
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0005797-2023

BEFORE: DUBOW, J., NICHOLS, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.: **FILED JULY 21, 2026**

Jevonte Frank Pressley (Appellant) appeals from the judgment of sentence imposed after the trial court convicted him of one count of persons not to possess firearms, 18 Pa.C.S.A. § 6105(a)(1) (firearms prohibited). Appellant challenges the trial court's denial of his pre-trial motion to dismiss the charge, pursuant to Pa.R.Crim.P. 600, based on the Commonwealth's purported violation of his Rule 600 speedy trial rights. After careful review, we affirm.

The trial court detailed the underlying history of this case in its Pa.R.A.P. 1925(a) opinion:

> On November 29, 2023, [Appellant] was arrested and charged with the following four (4) crimes: … firearm[s] prohibited (18 Pa.C.S.A. § 6105(a)(1)); firearms not to be carried without a license (18 Pa.C.S.A. § 6106(a)(1)); possession of a small amount of marijuana (35 P.S. § 780-113(a)(31)(i)[)]; and possession of drug paraphernalia (35 P.S. § 780-113(a)(32)[)]. After a

preliminary hearing on December 13, 2023, a criminal information was filed on January 25, 2024, which included the four (4) crimes originally charged. On February 12, 2024, a pre-trial conference was held. [Appellant] requested that he be permitted to represent himself. On March 18, 2024, a ***Grazier***[1] hearing was held[. Ten days later, the trial court granted Appellant's request to proceed *pro se* and appointed standby counsel.] On April 8, 2024, a jury trial was scheduled to begin on August 26, 2024.

[**Appellant thereafter**] **filed numerous** [***pro se***] **motions seeking various forms of relief**,[2] including, but not limited to: bail modification, release from incarceration, computer access, *in forma pauperis* status, compelling discovery and extensions of time to file his pre-trial motions and his pre-trial statement. …. [**Appellant's**] **multiple filings delayed the proceedings.** Hearings on [Appellant's] motions were held on July 9, 202[4], August 5, 202[4], and August 7, 202[4]. On August 26, 2024, there was a joint continuance request to schedule a hearing date for [Appellant's] motions on October 15, 2024. ….

On October 1, 2024, [the trial] court granted [Appellant's] motions seeking extensions of time to file pre-trial motions and his pre-trial statement, and rescheduled [Appellant's] trial for March 24, 2025. On October 15, 2024, [the trial] court scheduled [Appellant's remaining] outstanding motions for a hearing on December 16, 2024. On October 17, 2024, [Appellant's standby counsel] filed a petition to appoint [new standby] counsel [due to a conflict of interest].

On November 11, 2024, and November 26, 2024, [Appellant] filed two (2) additional motions. On December 9, 2024, new [standby] counsel was appointed for [Appellant]. On

---

[1] ***See Commonwealth v. Grazier***, 713 A.2d 81, 82 (Pa. 1998) ("When a waiver of the right to counsel is sought …, an on-the-record determination should be made that the waiver is a knowing, intelligent, and voluntary one.").

[2] Appellant filed **20** pre-trial motions. ***See*** Trial Court Opinion, 9/17/25, at 9 (noting that Appellant filed his 20 motions "between February 5, 2024, and December 20, 2024, which required hearings to be scheduled and conducted." (punctuation modified)); ***see also id.*** Ex. A (court-compiled spreadsheet document detailing Appellant's 20 motions).

December 16, 2024, [Appellant] requested a continuance because his witnesses were unavailable. The [trial] court scheduled a hearing date of January 29, 2025, to address [Appellant's] pending motions. On December 20, 2024, [Appellant] filed a motion to dismiss pursuant to Pa.R.Crim.P. 600(A) [(Motion to Dismiss)]. On January 29, 2025, [Appellant] withdrew three (3) of his pending motions. Also on January 29, 2025, a hearing on [Appellant's] Motion to Dismiss was scheduled for February 5, 2025. On February 5, 2025, a hearing [(Rule 600 hearing)] was held on [Appellant's] Motion to Dismiss.

Trial Court Opinion, 9/17/25, at 2-3 (original footnotes omitted; footnotes and emphasis added; capitalization and some citations modified).

At the Rule 600 hearing, Appellant appeared *pro se*. Appellant's standby counsel was also present. The Commonwealth argued at the hearing that no Rule 600 violation had occurred because, by its calculation, only 120 days had elapsed towards the case's Rule 600 run date. N.T., 2/5/25, at 3; **see also** Pa.R.Crim.P. 600(A)(2)(a) (stating that absent periods of time that are excludable for purposes of Rule 600, "[t]rial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed."). When Appellant was shown a spreadsheet in open court, prepared by the Commonwealth, detailing the numerous periods of allegedly excludable time,[3] Appellant stated that he

_____

[3] As the trial court explained, the Commonwealth's spreadsheet "included dates and reasons for the various continuances and delays, and by whom each continuance was requested, as well as the reason for each delay." Trial Court Opinion, 9/17/25, at 7 (punctuation modified). The trial court attached to its opinion what it referred to as "a 'replica' of the Commonwealth's spreadsheet"
*(Footnote Continued Next Page)*

objected to the trial court finding **any** period of excludable time attributable to the defense.  N.T., 2/5/25, at 4.

The trial court then considered extensive argument from Appellant as to why none of the claimed periods of delay should be excluded from the Rule 600 computation.  ***See id.*** at 4-22, 23-38, 40.[4]  In short, Appellant asserted that none of the delays were excludable because the Commonwealth "did not exercise due diligence in providing me full discovery to which I asked."  ***Id.*** at 21; ***see also id.*** (Appellant arguing that "for the life of the case, I was without discovery.  For the life of the case, I feel that all time should be includable."). Further, according to Appellant, any delays associated with his myriad pre-trial motions should not be excluded because he was, at all times, available and prepared for trial.  ***Id.*** at 27 (Appellant arguing that "the time should be includable because the mere filing of pre-trial motion[s] by [a d]efendant does not automatically render him unavailable for trial"), and ***id.*** at 31 (asserting the Commonwealth "failed at exercising due diligence from the beginning of the case.").

_____

(Exhibit B).  ***Id.*** Exhibit B.  Exhibit B asserted that **359 days of delay were attributable to the defense**.  ***Id.***

[4] Near the conclusion of Appellant's lengthy argument, the trial court observed that "[Appellant has] been speaking nonstop in a monologue for an hour or more."  N.T., 2/5/25, at 38-39.

- 4 -

The Commonwealth disagreed, asserting that "discovery has been passed to [Appellant] on numerous occasions," and the Commonwealth had disclosed all discovery in its possession. *Id.* at 41.

The trial court then requested that the Commonwealth clarify when its "discovery transfer [was] completed[.]" *Id.* As the Commonwealth was unable to provide an answer at that time, the court directed it to submit a supplemental filing specifying the date of completion. *Id.* The court announced that, prior to ruling on Appellant's Motion to Dismiss, it would review the Commonwealth's supplemental filing, as well as the "dozen or so cases" that Appellant cited in his oral argument. *Id.* at 47.

On February 13, 2025, the Commonwealth filed its supplemental response to the Motion to Dismiss (Response). Therein, it asserted that it had passed all discovery to Appellant's standby counsel on February 28, 2024, and to Appellant on March 18, 2024. Commonwealth's Response to Motion to Dismiss, 2/13/25, at 2. The Commonwealth further claimed it had "exercised due diligence and [] put forth a reasonable effort in providing [Appellant] with discovery." *Id.*

On February 25, 2025, Appellant filed a *pro se* "Reply" to the Commonwealth's Response. Appellant asserted that the Response "made false statement[s]" insofar as it incorrectly represented that the Commonwealth had passed all discovery to Appellant. Reply, 2/25/25, ¶ 2; *see also id.* ¶¶ 3-5. Appellant further claimed that "the Commonwealth was

not du[ly] diligent for the life of this case[, and] did not do everything in its power to guar[a]ntee that [Appellant] started trial on time." *Id.* ¶ 6 (capitalization modified).

On February 28, 2025, the trial court denied Appellant's Motion to Dismiss. On March 24, 2025, the matter proceeded to a stipulated non-jury trial on the sole charge of firearms prohibited. The trial court found Appellant guilty and deferred sentencing. On June 16, 2025, the trial court sentenced Appellant to five to ten years of imprisonment.

Subsequently, on June 3, 2025, new counsel entered his appearance on Appellant's behalf. On June 20, 2025, Appellant, through counsel, filed a "post-sentence motion for reconsideration" (PSMFR), invoking Pa.R.Crim.P. 720 (governing post-sentence motions and appeals). The sole claim Appellant raised in the PSMFR requested reconsideration of the trial court's denial of the Motion to Dismiss. *See generally* PSMFR, 6/20/25. Appellant asserted that

> the Commonwealth failed to meet it[]s burden of due diligence for the life of the case, had not carried it[]s burden of proof prior to, during or subsequently after, the Rule 600 hearing, by demonstrating, by a preponderance standard[,] that it exercised due diligence for every period of the proceedings, and that [Appellant] was not the cause of the delay in the commencement of trial.

*Id.* (Prayer for Relief).

On June 27, 2025, the trial court denied the PSMFR. In its order, the court observed that Appellant filed the PSMFR in excess of 30 days after entry of the February 28, 2025, order denying the Motion to Dismiss. Trial Court

Order, 6/27/25, n.1; *see also* 42 Pa.C.S.A. § 5505 (providing that "a court upon notice to the parties may modify or rescind any order within 30 days after its entry … if no appeal from such an order has been taken or allowed.").

> "The trial court may consider a motion for reconsideration only if the motion for reconsideration is filed within thirty days of the entry of the disputed order." **P.N.C. Bank, N.A. v. Unknown Heirs**, 929 A.2d 219, 226 (Pa. Super. 2007); 42 Pa.C.S.A. § 5505.

Trial Court Order, 6/27/25, n.1 (citations modified).

On July 21, 2025, Appellant filed a notice of appeal.[5] Ten days later, the trial court issued an order (Rule 1925 Order) directing Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, within 21 days of the order. However, at no time did Appellant file a concise statement, nor did he request an enlargement of time within which to file a concise statement.

The trial court issued its Rule 1925(a) opinion on September 17, 2025. Therein, the court addressed the merits of Appellant's issues, each of which

---

[5] Appellant purportedly appeals from the trial court's order denying his PSMFR. However, "[i]n a criminal action, [an] appeal properly lies from the judgment of sentence made final by the denial of post-sentence motions." **Commonwealth v. Jackson**, 283 A.3d 814, 816 n.1 (Pa. Super. 2022) (quoting **Commonwealth v. Shamberger**, 788 A.2d 408, 410 n.2 (Pa. Super. 2011) (*en banc*)).

challenged the denial of his Motion to Dismiss, and PSMFR, based upon Rule 600.[6]

On appeal, Appellant presents two issues for our review:

A. [Whether t]he trial court erred in denying the Motion to Dismiss pursuant to [Pa.R.Crim.P.] 600(A)?

B. [Whether t]he trial court erred in denying the [PSMFR]?

Appellant's Brief at 3 (punctuation and capitalization modified).

As a threshold matter, we consider the timeliness of this appeal. *See Commonwealth v. Reid*, 235 A.3d 1124, 1170 (Pa. 2020) ("The timeliness of an appeal … [goes] to the jurisdiction of [an appellate c]ourt and its competency to act." (citation omitted)).

The Commonwealth argues that Appellant untimely filed his notice of appeal and, therefore, asks us to quash the appeal. *See* Commonwealth's Brief at 13, 16-21.

> Following his sentencing, [Appellant] filed a motion for reconsideration, rather than a post-sentence motion under Pa.R.Crim.P. 720. Because his [PSMFR] was governed by 42 Pa.C.S.A. § 5505, the time for [Appellant] to file his notice of appeal was not tolled [by his filing of the PSMFR.]

_____

[6] The trial court's opinion made no reference to either the timeliness of this appeal or Appellant's failure to respond to the Rule 1925 Order. However, the opinion set forth the six claims that Appellant identified (seemingly in an unfiled Rule 1925(b) concise statement), each of which challenged the trial court's rejection of Appellant's Rule 600 claim. *See* Trial Court Opinion, 9/17/25, at 4-5; *see also* Appellant's Reply Brief at 1 (asserting that the trial court "received a 1925(b) statement by hand delivery on August 11, 2025, at [the judge's] chambers."). The trial court reached the merits of these claims and determined that none entitled Appellant to relief. *See* Trial Court Opinion, 9/17/25, at 5-12.

*Id.* at 13. Accordingly, the Commonwealth claims that the trial court lacked jurisdiction to entertain this untimely appeal. *Id.*

Pursuant to Rule 903(a) of the Rules of Appellate Procedure, a notice of appeal must be filed "within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a); *see also Commonwealth v. Gaines*, 127 A.3d 15, 17 (Pa. Super. 2015) (*en banc*) (stating that because the 30-day "filing period is jurisdictional in nature, it must be strictly construed and may not be extended as a matter of indulgence or grace." (citation omitted)). "[A]n appellant's failure to appeal timely an order generally divests the appellate court of its jurisdiction to hear the appeal." *Commonwealth v. Williams*, 106 A.3d 583, 587 (Pa. 2014) (citations omitted).

Section 5505, entitled "Modification of Orders," provides in full:

Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed.

42 Pa.C.S.A. § 5505. However, the 30-day time limit applies only to final orders; "**it does not apply to interlocutory orders**, which can be modified beyond the thirty-day time frame." *Commonwealth v. Harper*, 890 A.2d 1078, 1081 (Pa. Super. 2006) (emphasis added; citations omitted); *see also id.* at 1082 ("[I]n the criminal context, courts retain powers to alter even final judgments beyond the thirty days outlined in Section 5505").

As this Court has explained,

> [a] final order is one that ends the litigation or disposes of the entire case. An appellant has a period of thirty days after the entry of an order during which an appeal on that order can be taken. *Commonwealth v. Jerman*, … 762 A.2d 366, 368 (Pa. Super. 2000); Pa.R.A.P. 903(a).

*Commonwealth v. Powell*, 290 A.3d 751, 757 n.12 (Pa. Super. 2023) (some citations omitted). On the other hand, "an interlocutory order, not appealable as of right under Pa.R.A.P. 311, may be appealed only with permission of court[.]" *Commonwealth v. Ivy*, 146 A.3d 241, 257 (Pa. Super. 2016) (citation and brackets omitted).

However, a timely-filed post-sentence motion will toll the 30-day appeal period. Pa.R.Crim.P. 720(A)(2)(a)-(c);[7] *Commonwealth v. Green*, 862 A.2d 613, 618 (Pa. Super. 2004) (*en banc*) (stating that "the time for filing an appeal can be extended beyond 30 days after the imposition of sentence [] if the defendant files a timely post-sentence motion."). To be considered timely,

_____

[7] Rule 720(B)(1)(a) sets forth a list of the types of "requests for relief" that may be raised via a post-sentence motion, "which may include," *inter alia*, a motion for a new trial or a motion to modify sentence. Pa.R.Crim.P. 720(B)(1)(a). Although the Commonwealth correctly points out that a challenge to the denial of a Rule 600 motion is not expressly included among the types of relief enumerated in Rule 720(B)(1)(a), *see* Commonwealth Brief at 18, the express language of subsection (B)(1)(a), *i.e.*, the inclusion of the permissible "may," reveals that subsection (B)(1)(a)'s list is non-exclusive. *Id.*; *see also id.*, cmt. ("Paragraph (B) represents a departure from traditional Pennsylvania practice. It is intended to give the defendant the option of **resubmitting for the trial judge's consideration issues that were raised before or during trial**. … [The trial court's] decision on the motion triggers the appeal period on all properly preserved issues." (emphasis added; citation omitted)).

a post-sentence motion must be filed within ten days of the imposition of the defendant's sentence. Pa.R.Crim.P. 720(A)(1).

We are persuaded by our decision in **Commonwealth v. Mayo**, 315 A.3d 52, 172 MDA 2023 (Pa. Super. filed Feb. 2, 2024) (unpublished memorandum),[8] in which we observed that "an order granting a Rule 600 motion is a final order, but **an order denying a Rule 600 motion is interlocutory and not final**." **Id.** (unpublished memorandum at 5) (emphasis added) (citing **Commonwealth v. Myers**, 322 A.2d 131, 132-33 (Pa. 1974) (quashing defendant's appeal from an order denying his motion to dismiss based upon the predecessor to Rule 600, as the order was interlocutory and not appealable until after sentencing)). In **Mayo**, a panel of this Court concluded that

> **Section 5505's 30-day restriction for reconsideration does not apply to reconsideration of an order denying a Rule 600 motion**. The [trial] court retained jurisdiction and, thus, had the authority to rule on [the defendant's] motion for reconsideration [of the denial of his Rule 600 motion].

**Id.** (unpublished memorandum at 5); **see also Commonwealth v. James**, 69 A.3d 180, 185-86 (Pa. 2013) (in a Commonwealth appeal, holding that the Commonwealth's ability to appeal an interlocutory order "does not transform the order into a final one for purposes of [Section] 5505's 30-day period for modification." (footnote omitted)).

_____

[8] Pursuant to Pa.R.A.P. 126(b), unpublished, non-precedential decisions of this Court filed after May 1, 2019, may be cited for their persuasive value.

Here, the trial court's order denying Appellant's Motion to Dismiss was interlocutory, and not a final order, because it did not terminate the case. ***Powell***, ***supra***; ***Myers***, ***supra***. Accordingly, Section 5505's 30-day time bar did not apply to Appellant's request for reconsideration of the denial of his Motion to Dismiss, and the trial court retained jurisdiction to entertain Appellant's PSMFR.[9] ***Mayo***, ***supra***; ***see also Commonwealth v. Womack***, 315 A.3d 1229, 1244 (Pa. 2024) (Donohue, J., concurring) (reaching the merits of the appellant's challenge to trial court's denial of his Rule 600 motion, where "[i]n a post-sentence motion, [the appellant] asserted that the trial court erred in denying his Rule 600 motion.").

The trial court imposed Appellant's judgment of sentence on June 16, 2025. Four days later, Appellant timely filed his PSMFR. Pa.R.Crim.P. 720(A)(1). Based upon the foregoing authority, Appellant's filing of the PSMFR tolled the appeal period, ***see Green***, ***supra***, and Appellant's July 25, 2025, appeal was therefore timely filed. Pa.R.A.P. 903(a).

We next address whether Appellant preserved any issues for appellate review, based on his failure to file a court-ordered Rule 1925(b) concise statement of errors. ***See Commonwealth v. Oglesby***, ___ A.3d ___, 2026 PA Super 62, at *6 (Pa. Super. filed Mar. 27, 2026) ("Issue preservation is

_____

[9] In its Rule 1925(a) opinion, the trial court characterized this matter as an "appeal[] [from] the denial of [Appellant's] post-sentence motion." Trial Court Opinion, 9/17/25, at 4.

- 12 -

foundational to proper appellate review." (citation omitted)). The Commonwealth argues Appellant waived his issues, where he never filed a Rule 1925(b) statement or requested an extension of time in which to file one. Commonwealth's Brief at 15-16. ***But see also id.*** at 15 (admitting that "[t]he record and the trial court's opinion are silent as to whether [Appellant] served the trial court with a 1925(b) Statement.").

Appellant concedes that he did not **file** a Rule 1925(b) concise statement, but asserts this failure was "as a result of counsel error[.]" Appellant's Reply Brief at 1. However, according to Appellant, the trial court "received a 1925(b) statement by hand delivery on August 11, 2025, at [the judge's] chambers." ***Id.*** Appellant further emphasizes that the trial court's Rule 1925(a) opinion "specifically responds to [Appellant's] 'ISSUES RAISED ON APPEAL'." ***Id.*** (quoting Trial Court Opinion, 9/17/25, at 4).

Ordinarily, the failure to file a court-ordered Rule 1925(b) concise statement results in the waiver of all issues on appeal. ***See Commonwealth v. Bonnett***, 239 A.3d 1096, 1106 (Pa. Super. 2020) (stating that it is axiomatic that "any issue not raised in a Rule 1925(b) statement will be deemed waived for appellate review.") (citing ***Commonwealth v. Lord***, 719 A.2d 306, 309 (Pa. 1998) ("Any issues not raised in a 1925(b) statement will be deemed waived.")); ***see also*** Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement … are waived.").

Significantly, however, the trial court's docket in this case bears no indication that Appellant was served with the Rule 1925 Order. Pursuant to Pa.R.Crim.P. 114(B)(1), the clerk of courts must promptly serve a copy of any trial court order "on each party's attorney, or the party if unrepresented." *Id.* Rule 114 further provides that criminal docket entries shall contain, *inter alia*, "the date of service of the order or court notice." Pa.R.Crim.P. 114(C)(2)(c).

Our Supreme Court has stated that the clerk's obligations under Rule 114 are "mandatory." ***Commonwealth v. Hess***, 810 A.2d 1249, 1253 (Pa. 2002); ***see also Commonwealth v. Davis***, 867 A.2d 585 (Pa. Super. 2005) (*en banc*) (stating that the "requirement that defendants be given notice of the need to file a Rule 1925(b) statement is not a mere technicality."). In ***Hess***, the Supreme Court held that the appellant's untimely-filed Rule 1925(b) statement did not result in waiver of appellant's issues on appeal, where the trial court's docket did not indicate the date and manner of service of the trial court's Rule 1925(b) order, in violation of Rule 114. ***Hess***, 810 A.2d at 1254; ***see also Davis***, 867 A.2d at 588 (same).

Instantly, based on the clerk's non-compliance with Rule 114's mandate, we conclude that Appellant's failure to file a Rule 1925(b) statement does not bar our review of his issues.[10] ***Hess***, ***supra***; ***Davis***, ***supra***. Accordingly, we

---

[10] Moreover, we reiterate that the trial court reached the merits of Appellant's issues, seemingly presented in his unfiled concise statement, in its Rule 1925(a) opinion. ***See*** Trial Court Opinion, 9/17/25, at 5-12. ***But see also***
*(Footnote Continued Next Page)*

will not penalize Appellant for his failure to comply with the Rule 1925 Order, where there was a breakdown in the trial court's operation. ***See***, ***e.g.***, ***Commonwealth v. Leatherby***, 116 A.3d 73, 79 (Pa. Super. 2015) (stating that an appellant "should not be precluded from appellate review based on what was, in effect, an administrative breakdown on the part of the trial court.").

We next address Appellant's issues together, as each challenges the trial court's rejection of his Rule 600 claim.

Appellate courts "review Rule 600 decisions for an abuse of discretion[.]" ***Commonwealth v. Lear***, 325 A.3d 552, 557 (Pa. 2024) (citation omitted).

> An abuse of discretion is not a mere error in judgment but, rather, involves bias, ill will, partiality, prejudice, manifest unreasonableness, or misapplication of law. Additionally, when considering a Rule 600 claim, this Court must view the record facts in the light most favorable to the winner of the Rule 600 motion. It is, of course, an appellant's burden to persuade us the trial court erred and relief is due.

***Commonwealth v. Martz***, 232 A.3d 801, 809 (Pa. Super. 2020) (citation omitted). Our scope of review "is limited to the evidence on the record of the Rule 600 evidentiary hearing, and the findings of the trial court." ***Commonwealth v. Hunt***, 858 A.2d 1234, 1238 (Pa. Super. 2004) (*en banc*) (citations and brackets omitted).

---

***Commonwealth v. Parrish***, 224 A.3d 682, 700 (Pa. 2020) (stating that "the mere fact that a [trial] court has authored an opinion addressing potential appellate issues does not excuse an appellant from complying with Pa.R.A.P. 1925(b).").

Additionally,

> when considering the trial court's ruling, this Court is not permitted to ignore the dual purpose behind Rule 600. Rule 600 serves two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society. In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it. However, the administrative mandate of Rule 600 was not designed to insulate the criminally accused from good faith prosecution delayed through no fault of the Commonwealth.

*Id.* at 1239 (citation and brackets omitted); *see also Commonwealth v. Peterson*, 19 A.3d 1131, 1135 (Pa. Super. 2011) (*en banc*) ("So long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, Rule 600 must be construed in a manner consistent with society's right to punish and deter crime." (citations omitted)).

Rule 600 provides that "[t]rial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed." Pa.R.Crim.P. 600(A)(2)(a); *see also id.* 600(A)(1) (providing that trial is deemed to commence on the date the trial court calls the case to trial, or a defendant tenders a plea of guilty or *nolo contendere*). "In computing the Rule 600 deadline, however, we do not necessarily count all time following the filing of the complaint." *Commonwealth v. Carl*, 276 A.3d 743, 749 (Pa. Super. 2022).

As our Supreme Court has explained, to determine whether a Rule 600 violation occurred, "a court must first calculate the 'mechanical run date,' which is 365 days after the complaint was filed, and then must account for any 'excludable time.'" **Lear**, 325 A.3d at 560 (citation and brackets omitted).

> Rule 600 explains the computation of time as follows: "periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation."

**Id.** (quoting Pa.R.Crim.P. 600(C)(1)); **see also Carl**, 276 A.3d at 749 (stating that "Rule 600 encompasses a wide variety of circumstances under which a period of delay was outside the control of the Commonwealth and not the result of the Commonwealth's lack of diligence." (citation and brackets omitted)).

> Our Supreme Court has further stated that

> Rule 600 establishes two requirements that must be met for delay to count toward the 365-day deadline: (1) the delay must be caused by the Commonwealth; and (2) the Commonwealth must have failed to exercise due diligence. Otherwise, the delay is excluded from the calculation of the run date. Put differently, **where delay is not caused by the Commonwealth or delay caused by the Commonwealth is not the result of lack of diligence, it must be excluded from the computation of the Rule 600 deadline.** Due diligence is fact specific, to be determined case-by-case; it does not require perfect vigilance and punctilious care, but merely a showing the Commonwealth has put forth a reasonable effort.

**Commonwealth v. Johnson**, 289 A.3d 959, 982 (Pa. 2023) (emphasis added). "Additionally, any delay caused by the need to reschedule a trial

- 17 -

because of a continuance attributable to the defense constitutes excludable time, even if the defendant was prepared to go to trial at an earlier date." ***Commonwealth v. Walker***, 331 A.3d 43, 46-47 (Pa. Super. 2025) (citation and quotation marks omitted).

As the ***Lear*** Court explained, "the causation analysis precedes the due diligence inquiry, and it is only when the Commonwealth both caused the delay and lacked due diligence that the delay is properly included in the Rule 600 calculation." ***Lear***, 325 A.3d at 560-61 n.7. Thus, the trial court considers whether the Commonwealth acted with due diligence only in those situations in which the trial court first determines it was the Commonwealth that caused the delay. ***See id.*** When some other factor, such as a factor out of the control of the Commonwealth, caused the delay, the court does not consider the Commonwealth's due diligence, but rather adds the period of delay to the mechanical run date. ***See id.*** at 560.

In the instant case, Appellant asserts the trial court improperly denied his Motion to Dismiss, and PSMFR, both of which asserted a Rule 600 violation. ***See*** Appellant's Brief at 13-25. Appellant maintains he "demonstrated, by a preponderance of the evidence[,] … that the Commonwealth had not done everything in its power to guarantee that the trial started on time." ***Id.*** at 13. According to Appellant, he "demonstrated that he had not caused a delay to occur at **any** stage in the proceedings, nor ever requested any continuances." ***Id.*** at 14 (emphasis added). Appellant asserts that all pre-trial delays were

attributable to the Commonwealth's lack of due diligence, including its "fail[ure] to timely turn over mandatory discovery and … to oppose or respond to any of [Appellant's] *pro se* motions." **Id.** at 13-14 (capitalization modified).

Moreover, Appellant argues that

the Commonwealth made false statements that were considered by the [trial c]ourt in its decision-making process, and the Commonwealth had not, in fact, completed discovery as it had claimed when it made its bare statement[, at the Rule 600 hearing, that it had passed all discovery to the defense].

**Id.** at 15-16 (punctuation modified; citations omitted); **see also id.** at 16 ("[T]he Commonwealth had not completed discovery, as it had stated, prior to the August 16, 2024, discovery deadline, nor completed discovery at all for that matter." (punctuation modified)).

Appellant further asserts that the Commonwealth's "latest passing of discovery was immediately prior to trial on [March 24, 20]25. This does not constitute a 'reasonable effort[.]'" **Id.** at 21 (internal citation omitted). Thus, Appellant urges that "as a result of Commonwealth's failure to provide discovery," all periods of pre-trial delay "must be attributed to the Commonwealth." **Id.** at 18 (capitalization modified).

The Commonwealth counters that the trial court properly denied the Motion to Dismiss, and PSMFR, as Appellant's underlying claim of a Rule 600 violation lacks merit. **See** Commonwealth Brief at 21-29. "Because multiple continuances were attributable to [Appellant], not the Commonwealth, that time was properly deemed excludable and dismissal was not warranted." **Id.**

at 21-22. The Commonwealth points out that Appellant "filed a total of twenty pretrial motions, sometimes requiring multiple hearing dates." *Id.* at 25; *see also id.* ("At each scheduled hearing date, the Commonwealth was prepared to address the relevant motion and the court promptly ruled on each motion after the hearing").

The Commonwealth further asserts that "[e]ven setting aside [Appellant's] overwhelming motions practice, it is uncontroverted that there are two dates where [Appellant] was plainly unavailable for court because he was not transported from custody." *Id.*

> These two continuances alone … constituted 106 days of excludable time. Relying on these two continuances alone, the adjusted run date for the case would be March 17, 2025, after the [Motion to Dismiss] was filed.

*Id.* at 26. Finally, the Commonwealth contends the trial court properly denied Appellant's PSMFR, as it (1) "did not highlight any new facts or law for the court to reconsider," *id.* at 27; and (2) "was riddled with factual inaccuracies, without support from, or citation to, the trial record." *Id.* at 28 (punctuation modified).

In its thorough Rule 1925(a) opinion, the trial court determined that it properly denied the Motion to Dismiss, and PSMFR, where Appellant's trial commenced within the time period prescribed by Rule 600:

> The complaint was filed on November 29, 2023. One year from November 29, 2023, is November 28, 2024. Therefore, the mechanical run date in this case was November 28, 2024. Between November 29, 2023, and December 16, 2024, the amount of excludable time totaled three hundred seven (307)

days. The time was comprised of defense continuance requests, joint continuance requests, and delays due to having to schedule and conduct hearings for the [*pro se* pre-trial] motions filed by [Appellant]. Adding 307 days of excludable time to the mechanical run date yielded an adjusted run date of October 1, 2025.

Between February 12, 2024, and the next scheduled court date of April 8, 2024, there were fifty-six (56) excludable days added to the mechanical run date. On April 8, 2024, there were additional motions filed by [Appellant] and a joint request for a continuance until July 8, 2024, which extended the adjusted run date by an additional ninety-one (91) days. Between July 9, 2024, and August 26, 2024, hearings were held on [Appellant's] remaining motions, which further extended the adjusted run date by forty-eight (48) days. On August 26, 2024, a joint continuance request until October 15, 2024, extended the adjusted run date an additional fifty (50) days. The filing of additional motions by [Appellant] required a continuance until December 16, 2024, which extended the adjusted run date by another sixty-two (62) days.

Between February 12, 2024, and December 16, 2024, just before [Appellant] filed his Motion to Dismiss [on December 20, 2024], [Appellant's] continuance requests, joint continuance requests, and motion hearings delayed the proceedings by two hundred eighty-seven (287) days.[FN]

---

[FN] [Appellant's] filing of a Motion to Dismiss added an additional fifty-two (52) days of excludable time to the adjusted run date[, resulting in] a **total of three hundred fifty-nine (359) days of delay attributable to [Appellant]**.

---

Therefore, [Appellant] was not entitled to dismissal of the complaint.

Trial Court Opinion, 9/17/25, at 6-7 (emphasis added; footnote in original;

one footnote omitted; punctuation modified).

Additionally, the trial court found that Appellant, via his 20 pre-trial motions, had "requested continuances and caused delay in the commencement of trial," reasoning as follows:

Three of [Appellant's] motions were for extensions of time to file pre-trial motions and his pre-trial statement, which motions were granted. [Appellant] also requested continuances on February 12, 2024, March 18, 2024, and December 16, 2024, which totaled one hundred (100) days of excludable time[,] not counting delays caused by the numerous motions [Appellant] filed. **The record clearly indicates that [Appellant] requested several continuances and filed several motions that delayed the start of his trial.** Therefore, [Appellant's] claim that he did not request continuances or cause delay is meritless and **demonstrably false**.

*Id.* at 9 (emphasis added; internal citation omitted); *see also id.* at 10 ("It was not absence of due diligence by the Commonwealth that caused delays, rather it was [Appellant's] interminable motion practice that delayed the proceedings.").

The trial court further determined that

the Commonwealth met its burden, and demonstrate[d] by a preponderance standard, that it exercised due diligence during periods determined to be excludable under Rule 600. **Except for [Appellant's] unsupported claims, the record in this case contains no reference to the Commonwealth failing to demonstrate due diligence.** To the contrary, the Commonwealth specifically stated that discovery was hand-delivered to not only … [Appellants'] stand-by [counsel] but also to [Appellant] himself on March 18, 2024[.] The assistant district attorney made the foregoing statement in her verified response, subject to the penalties for unsworn falsification. *Id.* at 6. As such, [the trial] court finds the Commonwealth's statement to be **credible**.

*Id.* at 8 (emphasis added; some internal citations omitted; punctuation and capitalization modified).

Moreover, the trial court rejected Appellant's allegation of the Commonwealth's propounding false statements regarding its disclosure of discovery:

> [At the Rule 600 hearing,] the Commonwealth produced a spreadsheet detailing the timeline of [Appellant's] case. …. The spreadsheet included dates and reasons for the various continuances and delays and by whom each continuance was requested[,] as well as the reason for each delay. **The District Attorney and [Appellant's] stand-by counsel agreed that the Commonwealth had provided all discovery in a timely manner.** The Commonwealth further informed the [c]ourt that despite [Appellant's] repeated requests for additional discovery, the Commonwealth had nothing further to provide to [Appellant]. [**Appellant**] **did not offer any evidence to support his claim that the Commonwealth made a materially false statement** at any time during the pendency of [Appellant's] case. [Appellant's] claim is meritless and unfounded.

*Id.* at 7-8 (emphasis added).

In summary, the trial court concluded that

> [t]he delay in scheduling a trial date was attributable to [Appellant's] voluminous filings and continuance requests. The mechanical run date was a constantly moving target largely due to [Appellant's] poor management of his own case.

*Id.* at 11 (paragraph break omitted).

Our review of the record confirms the trial court's calculations, and we agree with its determination that Appellant's Rule 600 claim lacks merit. *See id.* at 6-9, 11. Because a total of 359 days of delay were properly attributed to the defense, and added to the mechanical run date, the adjusted run date

- 23 -

was November 24, 2025.  Appellant filed his Motion to Dismiss on December 20, 2024, **well before** the expiration of the adjusted run date.

Based upon the foregoing, we discern no abuse of discretion or error of law by the trial court in denying Appellant's Motion to Dismiss or PSMFR, as his underlying Rule 600 claim merits no relief.  Accordingly, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/21/2026

- 24 -